UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**COLETTE STOWERS**
    **Plaintiff,**

vs.                                **CASE NO.:**

**RWDT Foods, Inc., dba
DENNY'S,**
    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, COLETTE STOWERS, ("Plaintiff"), sues Defendant, RWDT Foods, Inc., doing business as Denny's ("Defendant" of "Denny's"), and brings this action for unpaid overtime compensation, minimum wage, liquidated damages, fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. 216(b) (the "FLSA"). Plaintiff alleges:

**INTRODUCTION**

1. Plaintiff, COLETTE STOWERS, was a Server from November 24, 2015 through July 2016, and performed related activities for Defendant Denny's in Gwinnett County, Georgia.

2. Defendant, Denny, is a Georgia company that operates and conducts business in, among others, Gwinnett County, Georgia, and is therefore within

the jurisdiction of this Court.

3.   This action is brought under the FLSA to recover from Defendant minimum wage compensation, overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

## JURISDICTION

4.   This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

## VENUE

5.   The venue of this Court over this controversy is proper based upon the claim arising in Gwinnett County, Georgia.

## PARTIES

6.   Plaintiff was an hourly tipped employee who worked for Defendant in Gwinnett County from 2015-2016.

7.   At all material times relevant to this action (2015-2016), Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s).

8.   At all material times relevant to this action (2015-2016), Defendant made gross earnings of at least $500,000.00 annually.

9.   At all material times relevant to this action (2015-2016), Defendant

employed at least two employees who handled goods such as products for sale that previously moved through commerce.

10. At all times relevant to this action (2015-2015), Plaintiff was individually engaged in commerce during her employment with Defendant by working with products and goods for sale from out of state.

## COVERAGE

11. At all material times relevant to this action (2015-2016), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

12. At all material times relevant to this action (2015-2016), Defendant made gross earnings of at least $500,000 annually.

13. At all material times relevant to this action (2015-2016), Defendant accepted payments from customers based on credit cards issued by out of state banks.

14. At all material times relevant to this action (2015-2016), Defendant had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. Restaurant supplies and equipment, food, beverages, etc.).

## FACTUAL ALLEGATIONS

15. Plaintiff, COLETTE STOWERS, was a Server from 2015-2016, and performed related activities for Defendant Denny's in Gwinnett County, Georgia.

16. Defendant agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendant.

17. Plaintiff earned hourly wages and tips.

18. Defendant claimed a tip credit, and did not pay Plaintiff minimum wage.

19. Specifically, Defendant withheld Plaintiff's tips and gratuity on a routine basis, and failed to pay Plaintiff minimum wage for her hours works.

20. Further, Defendant never explained or provided notice of the tip credit to Plaintiff, as required by the Fair Labor Standards Act.

21. Plaintiff routinely worked more than forty (40) hours a week for Defendant.

22. During her employment with Defendant, Plaintiff was not paid minimum wage for all hours worked under forty (40) within a work week during one or more weeks of employment.

23. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40)

within a work week during one or more weeks of employment.

24. During her employment with Defendant, Plaintiff was required to contribute to an illegal tip pool, in violation of the Fair Standards Act.

25. During her employment with Defendant, Plaintiff was required to work off the clock, in violation of the Fair Standards Act.

26. During her employment with Defendant, Plaintiff was not compensated for "side work" in violation of the Fair Labor Standards Act.

27. During her employment with Defendant, Plaintiff was forced to perform non-server activities, such as cooking, hosting, and managing, but was not paid minimum wage for this time.

28. At the end of her employment, Defendant failed to pay Plaintiff her last paycheck for hours worked.

29. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of the Defendant.

## COUNT I- -RECOVERY OF MINIMUM WAGES (FEDERAL)

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

31. Plaintiff was entitled to be paid minimum wage for each hour worked during employment with Defendant.

32. Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused to compensate her for same. As a result of Defendant's actions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant.

33. Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

34. Defendant did not pay Plaintiff the tips she received.

35. Defendant required Plaintiff to participate in a tip pool which included back of the house staff.

36. Defendant required Plaintiff to perform duties not related to her position, such as cooking, hosting, and managing, but did not pay her full minimum wage for these hours.

37. Defendant required that Plaintiff perform work off the clock.

38. Defendant failed to explain or give notice of the tip credit.

39. Defendant's violations of the Fair Labor Standards Act deprive Defendant of any claimed tip credit, and Plaintiff is entitled to at least

minimum wage for all hours worked, in addition to all tips she was wrongfully denied.

40.     As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff has been damaged in the loss of her last paycheck, minimum wages and withheld tips and gratuity for one or more weeks of work with Defendant.

Plaintiff demands a trial by jury.

## COUNT II- RECOVERY OF OVERTIME COMPENSATION

41.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above.

42.     Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

43.     From 2015 through 2016, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

44.     From 2015 through 2016, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

45.     As a result of Defendant's intentional, willful, reckless, and unlawful

acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

46. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

47. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

48. As a result of Defendant's willful and reckless violation of the FLSA, Plaintiff is entitled to liquidated damages.

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all hours worked for which Defendant did not pay her, payment for the overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

Dated this <u>14th</u> day of December, 2016.

<u>/s/ Adian Miller</u>
Adian Miller
GABN 794647
Morgan & Morgan, P.A.
191 Peachtree Street, N.E. Suite 4200
Atlanta, GA 30303
(404) 496-7332 Direct
(404) 496-7428 Fax
Email:ARMiller@forthepeople.com
Attorneys for Plaintiff
